UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| VICTORIA LUNN JONES, ) | Civil Action No. 3:21-cv-3396-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| SYKES ENTERPRISES ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff brings this action pro se, alleging her employer, Defendant Sykes Enterprises Incorporated, retaliated against her in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Presently before the Court are Defendant's Motion for Sanctions (ECF No. 44) and Defendant's Motion to Compel Plaintiff's Deposition (ECF No. 48). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC.

**II.     PROCEDURAL HISTORY**

On November 1, 2022, counsel for Defendant sent Plaintiff an email requesting that she confirm her availability for her deposition on Thursday, November 17, 2022, at defense counsel's office in Columbia beginning at 9:30 am. Email dated Nov. 1, 2022 (ECF No. 44-1). Plaintiff did not respond to defense counsel's email. On November 4, 2022, after receiving no response or objection from Plaintiff, defense counsel served its notice of deposition upon Plaintiff by U.S. Mail. Notice of Deposition (ECF No. 44-2). To ensure Plaintiff received the notice, defense counsel also

-2-

sent the notice via Federal Express, which Plaintiff signed for and received on November 8, 2022. Federal Express Proof of Delivery (ECF No. 44-3).

Between November 8, 2022 and November 17, 2022, Plaintiff did not communicate with defense counsel or otherwise indicate she would not appear for her deposition. Moreover, Plaintiff has not moved for a protective order under Rule 26(c), FRCP. On November 17, 2022, Plaintiff failed to appear for her deposition. Certificate of Non-Attendance (ECF No. 44-4). After waiting a reasonable period for Plaintiff to appear, defense counsel called Plaintiff on November 17, 2022 to inquire regarding her failure to appear for her deposition. Defense counsel left a detailed voice message for Plaintiff, and asked her to return the call to discuss the situation and next steps. Plaintiff failed to do so.

As a result of Plaintiff's failure to appear, Defendant filed the present Motion for Sanctions. In her Response (ECF No. 46), Plaintiff makes unsupported statement that "U.S. Senator Lindsey Graham has been dictating what is going on in this case," "Senator Graham's hands were all over" the scheduling of Plaintiff's deposition, and "his fixers would have destroyed me in that deposition" and were going to "strong arm me ... to get enough information to dismiss my case and my family would have never seen me again." Pl. Resp. p. 3. She also asserts that she did not sign for the Federal Express package as indicated by Defendants but rather than she found it on her back porch, thus, she acknowledges that she received it. She argues that defense counsel did not follow the rules and, thus, should be responsible for any fees incurred. She does not identify which rules defense counsel failed to follow.

On January 31, 2023, defense counsel served Plaintiff with an Amended Notice of Deposition by U.S. Mail. Amended Notice of Deposition (ECF No. 48-1). Pursuant to the Amended Notice of Deposition, Plaintiff's deposition was scheduled for Friday, February 17, 2023, at 9:30 a.m. at

-3-

defense counsel's office in Columbia, South Carolina. Id. On February 9, 2023, defense counsel sent a letter to Plaintiff and asked her to confirm that she would attend her deposition on February 17. Letter dated Feb. 9, 2023 (ECF No. 48-2). Plaintiff did not respond. On February 16, 2023, defense counsel sent an email to Plaintiff and, once again, asked her to confirm that she would attend her deposition on February 17. Email dated Feb. 16, 2023 (ECF No. 48-3). Plaintiff likewise did not respond to the email. On February 17, 2023, Plaintiff again failed to appear for her deposition. Certificate of Non-Attendance (ECF No. 48-4).

As a result of Plaintiff's second failure to appear for her deposition, Defendant filed the present Motion to Compel. In her Response (ECF No. 49), she asserts generally that she has lost faith in the justice system and she questions how a judge can order an individual to be forced into a situation where her life has been threatened.

**III.   DISCUSSION**

"[A] district court has wide latitude in controlling discovery and ... its rulings will not be overturned absent a clear abuse of discretion." Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir.1986) (citations omitted). "A motion to compel discovery is addressed to the sound discretion of the district court." LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir.1986); see Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir.1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted).

Pursuant to Fed. R. Civ. P. 30(a)(1), "A party may, by oral questions, depose any person, including a party, without leave of the court." If a party has been served with a notice of deposition, he may not unilaterally refuse to attend the deposition. See, e.g., Keller v. Edwards, 206 F.R.D. 412, 416 (D. Md. 2002); Fed.R.Civ.P. 30(b)(1). Plaintiff was served with the first Notice of Deposition

by U.S. Mail and by Federal Express. Notice of Deposition (ECF No. 44-2); Federal Express Proof of Delivery (ECF No. 44-3). Plaintiff was served with the Amended Notice of Deposition via U.S. Mail. Amended Notice of Deposition (ECF No. 48-1). Proper service of a Notice of Deposition includes "mailing it to the person's last known address–in which event service is complete upon mailing." Fed.R.Civ.P. 5(b)(2)(C). Thus, Plaintiff was properly served with both the first Notice of Deposition and the Amended Notice of Deposition.

A party may object to the notice of deposition, but must do so by filing a motion for protective order pursuant to Fed.R.Civ.P. 26(c). Here, Plaintiff unilaterally and intentionally decided not to attend the deposition. She did not move for a protective order.[1] **Defendant is directed to serve Plaintiff with a notice of deposition to be completed within forty-five days of this order and Plaintiff is directed to attend the deposition as noticed and answer the questions posed to her by counsel.[2] Plaintiff's failure to attend may result in a recommendation that this case be dismissed.**

Further, Plaintiff failed to communicate to defense counsel or this court any objection to the depositions prior to the dates of the depositions, and, thus, counsel spent time preparing for the depositions, arranged for a court reporter to attend the depositions, and himself attended the depositions. "The court, where the action is pending may, on motion, order sanctions if . . . a party

---

[1]The undersigned notes that the grounds for granting a protective order are limited to protecting a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.P. 26(c)(1).

[2]As noted by Defendant, this is not the first time Plaintiff has failed to appear for her deposition in a case that she filed against a former employer. In a previous case, Victoria Lunn Jones v. Florence County Tax Assessor Office, C/A 4:01-3121-TLW-TER, Plaintiff failed to appear at her deposition despite being served with notice. Motion for Sanctions and Relief from Scheduling Order, filed March 27, 2002 (ECF No. 44-5). Moreover, when she did appear for her deposition as ordered, she refused to answer defense counsel's substantive questions. Motion for Contempt Order, filed June 25, 2002 (ECF No. 44-6).

. . . fails, after being served with proper notice to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(I).  Appropriate sanctions under Rule 37 include prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings in whole or in part, or dismissing the action.  See Fed. R.Civ. P. 37(d)(3) (noting sanctions may include any of the orders in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).  "Instead of or in addition to these sanctions, the court must require the party failing to act…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ. P. 37(d)(3).

Here, in addition to asking the court to compel Plaintiff to attend her deposition, Defendants move for its reasonable attorney's fees and costs incurred in connection with preparing for Plaintiff's deposition and the filing of the present motions.  Although Plaintiff filed responses to Defendant's motions, she has failed to show that her decision not to attend her depositions as noticed was substantially justified nor has she made any other showing that would make an award of expenses unjust pursuant to Rule 37(d)(3).  Pro se litigants are not immune from sanctions by virtue of their pro se status alone. See, e.g., Ballard v. Carlson, 882 F.2d 93, 95–96 (4th Cir.1989); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md.1995), aff'd, 73 F.3d 357 (4th Cir.1996). Counsel for Defendant attached an affidavit of attorney's fees and costs with respect to Plaintiff's failure to attend the first deposition, indicating he incurred such costs and expenses totaling $5,968.49. Henthorne Aff. (ECF No. 44-7); see also Hagood Aff. (ECF No. 44-8) (attesting to the reasonableness of defense counsel's hourly rate).  However, the court will hold in abeyance a ruling on the amount of attorney's fees and costs to award pending the rescheduled deposition.  Following the deposition, Defendant may file a renewed motion for fees and costs in accordance with Rule 37(d)(3).

## IV.  CONCLUSION

For the reasons discussed above, Defendant's Motion for Sanctions (ECF No. 44) is **GRANTED** and Defendant's Motion to Compel Plaintiff's Deposition (ECF No. 48) is **GRANTED**. **Defendant is directed to serve Plaintiff with a notice of deposition to be completed within forty-five days of the date of this order, and Plaintiff is directed to attend the deposition as noticed. <u>Plaintiff's failure to attend may result in a recommendation that this case be dismissed</u>.**

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 8, 2023
Florence, South Carolina